JKB/pa/cmj651874                                                   9023-1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KOLCRAFT ENTERPRISES, INC., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:13-cv-04863 |
| ARTSANA USA, INC. d/b/a CHICCO USA, INC., | ) Honorable Sara L. Ellis |
| Defendant. | ) |

## DEFENDANT ARTSANA USA INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STAY PENDING *EX PARTE* REEXAMINATION

Defendant, Artsana USA, Inc. d/b/a Chicco USA, Inc. ("Artsana"), by and through its undersigned counsel, submits this Memorandum of Law in support of its Motion To Stay this matter pending the outcome of the U.S. Patent and Trademark Office ("USPTO") *Ex Parte* Reexamination of the asserted U.S. Patent 8,388,501 ("'501 Patent").

### I. INTRODUCTION

Artsana's Motion to Stay is timely under the Patent Case Schedule's [*Dkt. Nos. 92 and 94*] November 26, 2015 deadline for the parties to "seek a stay pending reexamination (LPR 3.5)."

Plaintiff Kolcraft Enterprises, Inc. ("Kolcraft") is asserting that Artsana infringes claims 6, 9, 11, 12, and 14-19 of the '501 Patent. Ex. A at ¶ a. Artsana's July 27, 2015 request for *Ex Parte* reexamination in the USPTO of claims 6, 7, and 9-20 of the '501 Patent was granted by the September 2, 2015 decision holding that Artsana raised a "substantial new question of patentability" affecting claims 6, 7, and 9-20 of the '501 Patent. Ex. B. at pg. 1, ¶ 1.

A district court's docket management powers include the ability to stay a patent infringement suit pending the conclusion of the USPTO's reexamination of the asserted claims.

*Viskase Corp. v. Am. Nat. Can Co.*, 261 F.3d 1316, 1328 (Fed. Cir. 2001); *ArrivalStar S.S. v. Canadian Nat'l Ry. Co.*, 2008 U.S. Dist. LEXIS 60588, *6 (N.D. Ill. July 25, 2008). "One purpose of the reexamination procedure is to eliminate trial of that issue (when the claim is canceled) or facilitate trial of that issue by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceedings)." *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1340 (Fed. Cir. 2013), *citing Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983)). Factors relevant to whether a stay is appropriate include (1) any prejudice or tactical disadvantage to the non-moving party that may result from a stay, (2) whether a stay will simplify the issues for trial, and (3) the stage of the litigation. *See, e.g., RR Donnelley & Sons Co. v. Xerox Corp.*, 2013 U.S. Dist. LEXIS 176620 (N.D. Ill. Dec. 16, 2013) (Coleman, J); see also *Prestone Prods. Corp. v. South/Win, Ltd.*, 2014 U.S. Dist. LEXIS 135909, *9 (N.D. Ill. Sept. 26, 2014) (Kendall, J.); *JAB Distribs., LLC v. London Luxury, LLC*, No. 09-cv-5831, 2010 U.S. Dist. LEXIS 46192, *6-8 (N.D. Ill. May 11, 2010) (St. Eve, J); *Black & Decker, Inc. v. Positec USA, Inc.*, 2013 U.S. Dist. LEXIS 153795, *3 (N.D. Ill. Oct. 1, 2013) (Gottschall, J.). If a substantial issue of patentability is raised in the reexamination matter, a stay is a viable mechanism to prevent wasted effort. *See Procter & Gamble Co. v. Kraft Foods Global, Inc.*, 549 F.3d 842, 849 (Fed. Cir. 2008).

A stay of this matter is warranted because it causes no prejudice or tactical disadvantage to Kolcraft, it will clearly simplify issues for trial, and, while this litigation has been pending for over 2 years, this matter is still at an early stage as there has been little to no discovery exchanged or depositions taken, aside from discovery on the issue of personal jurisdiction that was decided in favor of Artsana SpA, and claim construction briefing has not yet started.

## II. RELEVANT PROCEDURAL BACKGROUND

Artsana provides the following detailed summary in view of the various procedural issues (*i.e.*, personal jurisdiction) and USPTO proceeding (i.e., *inter partes* review proceedings and *ex parte* reexamination).

### A. Procedural History Of Litigation

1. On July 8, 2013, Kolcraft filed its Complaint [*Dkt. No. 1*] alleging that Artsana USA, Inc. and its parent company, Artsana S.p.A., infringe the '501 Patent.

2. On September 3, 2013, Artsana responded to the Complaint [*Dkt. No. 17*].

3. On October 3, 2013, Artsana S.p.A. filed a Motion to Dismiss Kolcraft's Complaint for Lack of Jurisdiction and Failure to State a Claim. [*Dkt. No. 27*].

4. On October 10, 2013, the Court held a motion presentment hearing regarding Artsana S.p.A.'s Motion to Dismiss, and the Court ordered "limited discovery on personal jurisdiction [to] be completed by 11/25/2013." [*Dkt. No. 31*]. The Court also set a briefing schedule for Artsana S.p.A.'s Motion to Dismiss.

5. On October 17, 2013, Kolcraft served jurisdictional discovery requests including: its First Set of Interrogatories and Requests for Production directed to Artsana S.p.A.; Notice of 30(b)(6) deposition of Artsana S.p.A.; and, a Notice of Deposition of Thomas Gwiazdowski.[1]

6. On February 28, 2014, Kolcraft served its First Set of Requests for Production of Documents ("1st RFPs") directed to Artsana. Ex. C. Kolcraft's 1st RFPs were primarily directed to the personal jurisdiction issue that was in dispute at the time Kolcraft served its 1st RFPs.

---

[1] Kolcraft took the jurisdictional discovery deposition of Thomas Gwiazdowski, CFO of Artsana USA, on February 18, 2014 in connection with the Artsana S.p.A.'s Motion to Dismiss.

3

7. On March 31, 2014, the Parties filed an Agreed Motion to Postpone the Patent Case Schedule [*Dkt. No. 57*] in order for the Court to first resolve the personal jurisdiction issue. On April 3, 2014, the Court granted the parties' Motion to Postpone. [*Dkt. No. 64*].

8. On August 6, 2014, this Court granted Artsana S.p.A.'s Motion to Dismiss for Lack of Personal Jurisdiction. [*Dkt. No. 74*].

9. On August 27, 2014, Kolcraft served the following discovery requests: (1) Notices of Deposition of Mr. Lerici and Mr. Messner of Artsana; (2) Plaintiff's First Set of Interrogatories to Artsana USA ("Rogs") (Ex. D); and (3) Plaintiff's Second Set of Document Requests to Artsana USA ("2nd RFPs") (Ex. E). Kolcraft's Rogs consisted of a single interrogatory requesting Artsana's unit and dollar volume sales and gross and net profits realized with respect to Artsana's Accused Products. Kolcraft's 2nd RFPs were similarly related to financial discovery of Artsana consisting of 8 requests for production directed to Artsana's product designations, unit and dollar volume sales, prices and pricing structure, revenues and expenses, and gross and net profits realized with respect to Artsana's Accused Products, and Artsana's annual financial reports.

10. On September 15, 2015, this Court granted a stay of this matter pending disposition of the First IPR (discussed below at ¶ 18). [*Dkt. No. 81*]. Kolcraft did not take the noticed depositions of Mr. Lerici and Mr. Messner in view of the stay, and has not re-scheduled these depositions to date.

11. On March 19, 2015, this Court lifted the stay in view of the status of the First IPR (discussed below). [*Dkt. No. 94*].

12. On September 28, 2015, the parties exchanged Final Infringement, Unenforceability, and Invalidity Contentions pursuant to LPR 3.1.

4

13. On October 13, 2015, Artsana served its First Requests for Production of Documents, and on October 15, 2015, Artsana served its First Set of Interrogatories. Kolcraft's responses are due on November 16 and 17, 2015, respectively.

14. The parties are scheduled to exchange Final Non-Infringement, Enforceability, and Validity Contentions pursuant to LPR 3.2 on October 26, 2015.

15. Claim construction is scheduled to take place from November 9, 2015 to February 2, 2016, with the claim construction hearing date not yet set. [*Dkt. No. 92, pg. 2*].

16. Discovery is scheduled to close on December 7, 2015. [*Dkt. No. 92, pg. 2*].

17. The Scheduling Order provides that the "last day to seek a stay pending reexamination" is October 26, 2015. [*Dkt. No. 92, pg. 2*].

**B.** **Artsana's Requests for *Inter Partes* Review of the '501 Patent**

18. On June 27, 2014, Artsana filed a USPTO Petition for *Inter Partes* Review ("IPR"), IPR No. 2014-01053 ("First IPR"), of claims 1-20 of the '501 Patent. Artsana's IPR included, as a proposed grounds for unpatentability of claims 1-20, a certified copy of a publication of Tyco's Sesame Street Cozy Quilt Gym, which was taken from the Declaration of Denny Conley and accompanying Exhibits filed on July 18, 1995 in a litigation styled, *Tyco Industries, Inc. v. TinyLove, LTD and The Maya Group, Inc*, (D.N.J. 1995) (No. 95-1135) ("Tyco I").

19. The December 19, 2014 USPTO Decision in the First IPR granted the proceeding on claims 1-5 and 8 of the '501 Patent, but denied institution on claims 6, 7, and 9-20 of the '501 Patent. Ex. F. The USPTO did not consider the merits of the Tyco I reference holding that Tyco I "ha[d] not been established to be a patent or printed publication." Ex. F at pg. 29-33.

20. On January 20, 2015, Artsana filed a second USPTO Petition for *Inter Partes* Review, IPR No. 2015-00582 ("Second IPR"). This Second IPR Petition included, *inter alia*, proposed grounds for unpatentability of claims 1-20 based on a 1995 Tyco Playtime™ Catalog © 1994 ("Tyco II"), which is a publication that shows the same Tyco Cozy Quilt Gym as Tyco I that the USPTO rejected as not an established patent or printed publication. Artsana also filed a Motion for Joinder in order to join the two IPRs pursuant to 35 U.S.C. § 315(b).

21. On March 6, 2015, Kolcraft filed a Request for Adverse Judgment on claims 1-5 and 8 of the '501 Patent in the First IPR.

22. On April 3, 2015, the USPTO granted Kolcraft's Request for Adverse Judgment and terminated the First IPR by declaring claims 1-5 and 8 of the '501 Patent unpatentable and cancelled. Ex. G.

23. On June 4, 2015, the USPTO issued a Decision denying institution of the Second IPR in view of the April 3, 2015 termination of the First IPR because the Second IPR was now procedurally untimely within the statutory framework of 35 U.S.C. § 315(b). Ex. H.

C. **Artsana's Request for *Ex Parte* Review of the '501 Patent**

24. On July 27, 2015, in view of the USPTO's denial decision denying institution of the Second IPR, Artsana filed a Request for *Ex Parte* Reexamination, Control No. 90/013,554, ("Reexamination") of remaining claims 6, 7, and 9-20 of the '501 Patent particularly in view of the Tyco II prior art reference.

25. The September 2, 2015 USPTO Decision held that Artsana's Reexamination raises "substantial new question of patentability" affecting claims 6, 7, and 9-20 of the '501 Patent. Ex. B. at pg. 1, ¶ 1. In particular, the Decision states:

> Two Petitions for *Inter Partes* Review were filed with respect to US Patent No. 8,388,501. Case number IPR2014-01053 was settled and case number IPR2015-

6

00582 was not instituted because it was not timely filed. <u>Neither of these cases resulted in a final written decision under 35 U.S.C. §318(a). Thus, ex parte reexamination is not barred under 35 U.S.C. §315(e)(l)</u>.

Ex B. at pg. 1, ¶ 2. (emphasis added)

26. November 2, 2015 is the deadline for Kolcraft to file an optional Patent Owner's statement in response to the USPTO Decision in the Reexamination.

### III. LEGAL STANDARD

A decision to stay litigation lies within the sound discretion of the court. *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) ("Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination."); *JAB Distribs.*, 2010 U.S. Dist. LEXIS 46192, *2. Courts within this District, have routinely exercised that discretion in granting litigation stays based on co-pending USPTO proceedings. *See RR Donnelley*, 2013 U.S. Dist. LEXIS 176620, at *6; *Prestone Prods.*, 2014 U.S. Dist. LEXIS 135909 at *8-9 (granting litigation stay pending reexamination); *JAB Distribs.*, 2010 U.S. Dist. LEXIS 46192, *6-8 (granting litigation stay pending reexamination); *Ignite USA, LLC v. Pac. Mkt. Int'l, LLC*, 2014 U.S. Dist. LEXIS 73412, *2 (N.D. Ill. May 29, 2014) (Holderman, J.) (granting motion to stay litigation pending *inter partes* review), *citing Black & Decker*, 2013 U.S. Dist. LEXIS 153795, *3 (granting defendants' motion to stay litigation pending *inter partes* review).

In determining whether to stay an action pending a Reexamination, courts consider whether a stay will:

(i) unduly prejudice or tactically disadvantage the non-moving party;

(ii) simplify the issues in question and streamline the trial; and

(iii) reduce the burden of litigation on the parties and on the court.

*RR Donnelley*, 2013 U.S. Dist. LEXIS 176620, at *6; *JAB Distribs.*, 2010 U.S. Dist. LEXIS 46192, *2, *citing Pfizer Inc. v. Apotex Inc.*, 640 F.Supp.2d 1006, 1007 (N.D. Ill. 2009)); *see also Black & Decker*, 2013 U.S. Dist. LEXIS 153795, *3, *citing Arrivalstar S.S. v. Canadian Nat'l Ry.*, 2008 U.S. Dist. LEXIS 60588, at *2 (N.D. Ill. July 25, 2008).

In *JAB Distribs.*, this Court discussed the benefits of staying a patent litigation based on a co-pending USPTO Reexamination, stating:

> Staying proceedings pending the resolution of a patent reexamination may have numerous benefits, including streamlining the case, simplifying or eliminating remaining issues, promoting settlement, alleviating discovery problems, providing the Court with the PTO's expert review of prior art, and reducing the length and expense of litigation. See *Baxter Int'l*, 2008 U.S. Dist. LEXIS 76444, 2008 WL 4395854, at *3; *Sun-Flex Co., Inc. v. Softview Computer Prods. Corp.*, No. 89 C 296, 1989 U.S. Dist. LEXIS 11360, 1989 WL 117976, at *1 (N.D. Ill. Sept. 26, 1989). "These benefits are maximized when the stay is sought early in the litigation, and consequently courts 'frequently issue stays pending reexamination when the litigation is at an early stage.'" *Baxter Int'l*, 2008 U.S. Dist. LEXIS 76444, 2008 WL 4395854, at *3 (quoting *ArrivalStar S.S.*, 2008 U.S. Dist. LEXIS 60588, 2008 WL 2940807, at *2). The Court will stay this case because doing so will (1) not unduly prejudice Plaintiff or provide Defendants with a tactical advantage, (2) likely simplify the issues, and (3) reduce the overall burdens of litigation. See *Pfizer*, 640 F. Supp. 2d at 1007.

*Id.,* 2010 U.S. Dist. LEXIS 46192, *7.

## IV.  ARGUMENT

### A.  There Is No Undue Prejudice Or Clear Tactical Disadvantage To Kolcraft

The fact that the Reexamination will cause some degree of delay is not dispositive of whether a party will suffer undue prejudice. *See,* e.g., *Black & Decker*, 2013 U.S. Dist. LEXIS 153795, at *2; *Davol, Inc. v. Atrium Med. Corp.*, 2013 U.S. Dist. LEXIS 84533, at *2 (D. Del. June 17, 2013); *Sorensen v. Black & Decker Corp.*, 2007 U.S. Dist. LEXIS 66712, at *5 (S.D. Cal. Sept. 10, 2007) ("The general prejudice of having to wait for resolution is not a persuasive reason to deny the motion for stay.").

8

Kolcraft will not be prejudiced or tactically disadvantaged because the Reexamination was filed ahead of the anticipated October 26, 2015 deadline in the Patent Case Schedule for requesting a stay. In addition, this matter is still at an early procedural stage as a result of the previous postpone of the trial schedule, to resolve the personal jurisdiction issue, and the prior stay based on the IPRs. *See Black & Decker*, 2013 U.S. Dist. LEXIS 153795, at *1 (granting stay due to IPR and relying, in part, on the fact the case had "made very limited progress since it was filed").

With the exception of the September 2014 financial discovery supplied by Artsana, there has been virtually no substantive document discovery and no substantive depositions beyond those limited to the personal jurisdiction issue. To date, Kolcraft has not produced any documents in this litigation and neither party has taken substantive depositions, filed a dispositive motion, briefed a claim construction issue, or requested a claim construction hearing or trial date. This case is in a similar early-stage posture as the matter in *JAB Distribs.*, in which this Court stayed the litigation noting that:

> Plaintiff does not dispute, however, that the parties have not answered interrogatories, taken depositions, filed substantive motions, briefed claim-construction issues, or requested a trial date. Accordingly, "the litigation is in its infancy," which militates in favor of granting a stay.

*JAB Distribs.*, 2010 U.S. Dist. LEXIS 46192, *13.

Because this Motion to Stay is timely under the Court's Patent Case Schedule, this request is procedurally ripe. There can be no prejudice to Kolcraft resulting from any delay due to the Reexamination because Kolcraft does not currently compete in the marketplace with Artsana's accused product, and any delay caused by the Reexamination can be recovered by damages. *Prestone Prods.*, 2014 U.S. Dist. LEXIS 135909 at *10 ("Prestone has not presented any evidence that a stay would unduly prejudice it. To the extent that South/Win has infringed

9

the '711 Patent or continues to infringe the '711 Patent, Prestone may recover money damages."). Kolcraft also has not pursued a preliminary injunction since filing its July 8, 2013 Complaint. *JAB Distribs.*, 2010 U.S. Dist. LEXIS 46192, *10 ("Plaintiff's claim that it will suffer irreparable harm is undermined by the fact that its complaint seeks monetary damages and does not seek preliminary-injunctive relief.")

The strong validity challenge presented in the Reexamination demonstrates that Artsana has no improper dilatory motive in filing the Reexamination or requesting a stay.

### B. A Stay Will Simplify the Issues

Courts have widely recognized numerous ways in which staying litigation pending a USPTO review may simplify proceedings. A stay can significantly limit litigation expenses and streamline the proceedings, particularly if the USPTO cancels or amends some or all claims at issue, promoting settlement, alleviating discovery problems, providing the Court with the benefit of the USPTO's expert review of prior art, and reducing the length and expense of litigation. *JAB Distribs.*, 2010 U.S. Dist. LEXIS 46192, *7; *Black & Decker*, 2013 U.S. Dist. LEXIS 153795, at *3, citing *Emhart Indus., Inc. v. Sankyo Seiki Mfg. Co.*, 1987 U.S. Dist. LEXIS 15033, at *2 (N.D. Ill. Jan. 30, 1987) (listing benefits of staying litigation pending reexamination).

Artsana's Reexamination challenges all remaining claims in the '501 Patent. A stay will simplify this case by potentially resolving or minimizing claim construction and validity issues. The resources of the Court and parties will be conserved, particularly if the remaining claims of the '501 Patent are deemed unpatentable. If any claim survives the Reexamination, the Court will still benefit from the USPTO's expert view. *See, e.g., Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983) ("One purpose of the reexamination procedure is to eliminate

trial of that issue (when the claim is canceled) or to facilitate trial of that issue by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceeding)."); *Lincoln Nat'l Life Ins. Co. v. Transamerica Fin. Life Ins. Co.*, 2009 U.S. Dist. LEXIS 35121, at *4 (N.D. Ind. 2009) ("[I]t is virtually undeniable that a stay followed by a PTO reexamination will simplify the issues in the case and streamline the proceedings.").

Because the Reexamination could resolve or significantly narrow all of the claim issues in this litigation, this factor weighs in favor of a stay.

### C. A Stay Pending Reexamination Will Reduce The Burden On The Parties And The Court

The potential for the Reexamination to reduce the litigation burden for all concerned supports the granting of a stay. If claims are cancelled by the USPTO, they will no longer be at issue. *See Black & Decker*, 2013 U.S. Dist. LEXIS 153795, at *1. The USPTO could also narrow claims in response to prior art, which would also affect the scope of the claims at issue here. *Id.*

Continuing simultaneous proceedings presents the substantial risk of the parties and the Court expending resources unnecessarily. *Ignite USA*, 2014 U.S. Dist. LEXIS 73412, at *12-13. If the Court engages the claim construction process and an asserted claim is amended during the Reexamination, a second claim construction briefing and hearing could be required.

Because a stay pending the Reexamination can only benefit the litigation burden on the Court and the parties, a stay is warranted in this matter.

## V. CONCLUSION

When all aforementioned factors are considered, it is clear that a stay of this litigation pending the USPTO's disposition of the Reexamination is warranted.

Respectfully submitted,

ARTSANA USA, INC.


By: /s/ James K. Borcia
One of Its Attorneys

James K. Borcia (jborcia@tresslerllp.com)
TRESSLER LLP
233 S. Wacker Drive, 22nd Floor
Chicago, IL 60606
(312) 627-4000

Anthony S. Volpe (AVolpe@vklaw.com)
Ryan W. O'Donnell (RODonnell@vklaw.com)
VOLPE AND KOENIG, P.C.
United Plaza, 30 South 17th Street
Philadelphia, PA 19103
(215) 568-6400