UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KOLCRAFT ENTERPRISES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 13 C 4863 |
| v. ) | |
| ) | Judge Sara L. Ellis |
| ARTSANA USA, INC., ) | |
| ) | |
| Defendant. ) | |

**ORDER**

The Court denies Defendant Artsana USA, Inc.'s ("Artsana") motion for leave to amend its final invalidity contentions [166]. See statement for additional details.

**STATEMENT**

Artsana served its Amended and Supplemental Final Invalidity Contentions ("Final Invalidity Contentions") on Plaintiff Kolcraft Enterprises, Inc. ("Kolcraft") on December 30, 2016. Artsana now seeks to amend its Final Invalidity Contentions in light of third-party discovery it conducted subsequent to serving Kolcraft.

Pursuant to Local Patent Rule 3.4, a court may grant leave to a party to amend its Final Invalidity Conventions upon a showing of good cause and absent undue prejudice on the non-moving party. In evaluating whether or not a party has made a showing of good cause, the Court looks to whether or not the party seeking to amend could have discovered the information forming the basis of its amendment before it filed its original final contention. *See Thermapure, Inc. v. Giertsen Co. of Ill.*, No. 10 C 4724, 2012 WL 6196912, at *2 (N.D. Ill. Dec. 11, 2012) ("The relevant inquiry is not when Thermapure learned about the information, but when it could have made the discovery.").

Artsana does not satisfactorily explain why it waited until after submitting the Final Invalidity Contentions to seek the third-party discovery at issue. Artsana argues that it did not engage in this discovery sooner because it was only alerted to the potential importance of the discovery when Kolcraft "attempted to differentiate the prior art Tyco Gym" in its response to the Unites States Patent and Trademark Office Reexamination of the 8,388,501 Patent ("'501 Patent"). Kolcraft filed this response on June 27, 2016, a full six months prior to Artsana's serving of the Final Invalidity Contentions. Furthermore, this was three months prior to the filing of the Second Revised Discovery Plan (Doc. 123), in which the parties set the date for serving the Final Invalidity Contentions. If Artsana believed that it did not have sufficient time to evaluate the importance of the prior art and to complete third-party discovery on it before serving its Final Invalidity Conventions in December, Artsana could have proposed a later date at that time.

Artsana also argues that because Kolcraft changed its infringement contentions multiple times, Artsana was not able to accurately assess its invalidity positions until it had received Kolcraft's final infringement contentions on December 2, 2016. This argument also falls flat. In Artsana's proposed amendment to the Final Invalidity Conventions, it uses the third-party discovery in support of invalidity conventions for claims 7, 11, 13–20. All of these claims, with the exception of 7, 13, and 20, were consistently included in prior versions of Kolcraft's infringement contentions as far back as September 28, 2015. Therefore, Artsana was in a position to evaluate whether it should seek third-party discovery on those claims well before December 2, 2016.

Finally, Artsana argues that because fact discovery was still open at the time it engaged in the third-party discovery and because Artsana promptly filed this motion upon discovering the pertinent information, it has satisfied the good cause requirement. The Final Invalidity Contentions are the not the *raison d'être* of fact discovery. The Second Revised Discovery Plan contemplated that discovery would continue after the parties served their final contentions; there are purposes of discovery that extend beyond the final contentions. Furthermore, there will be another round of fact discovery after the Court issues its claims construction ruling. By Artsana's logic, anything it uncovers during those periods, no matter how readily it could have been discovered before it served is Final Invalidity Contentions, is a sufficient basis for amending its Final Invalidity Contentions. This is not correct. The question is whether Artsana should have discovered this information sooner. Because in the present case Artsana could have and should have, it has failed to satisfy the good cause requirement of Local Patent Rule 3.4 and the Court denies its motion for leave to amend. Because Artsana fails to satisfy the good cause requirement the Court need determine whether or not Kolcraft would suffer undue prejudice if Artsana were allowed to amend.

Date: September 20, 2017 /s/__Sara L. Ellis_____